[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12087
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00121-CR-F-S

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK G. PERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 9, 2009)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Mark G. Perry appeals his convictions for assault with the intent to rob a

postal clerk, in violation of 18 U.S.C. § 2114(a), and assault on a government employee engaged in the performance of official duties, in violation of 18 U.S.C. § 111. Perry was convicted following a jury trial. On appeal, Perry argues that the district court erred in admitting evidence of his prior conviction for sexual assault, and submits also that there was insufficient evidence for the jury to find him guilty. For the following reasons, we affirm the judgment of the district court.

I.

Perry was indicted for robbing and assaulting a postal clerk in Newton, Alabama the day after Christmas 2006. At trial the government sought to introduce evidence of Perry's state conviction for a sexual assault that occurred a little later that same day in Dothan, Alabama, approximately fourteen miles away. The government argued that the facts of Perry's conviction for sodomy in Dothan demonstrated identity, modus operandi, intent, and absence of mistake under Federal Rule of Evidence 404(b) that were relevant to the issue of Perry's guilt in the Newton attack. The evidence was particularly important for the government's case because the investigation had failed to locate fingerprints, DNA, or other physical evidence placing Perry in the Newton post office. The similar-act evidence would support the victim's identification of her assailant.

The district court admitted the Rule 404(b) evidence as relevant to identity

after finding "extraordinary" similarities between the two incidents: a lone female employee attacked in a place of business, after a similarly dressed assailant entered on a pretext and remained within; the assailant remained calm as he bound his victim with duct tape and sexually assaulted her. The district court instructed the jury that it was to consider evidence of the second assault for the limited purpose of considering the identity of the post office assailant. On appeal Perry raises two issues: first, that admission of the second assault was unfairly prejudicial under Federal Rule of Evidence 403, and second, that insufficient evidence supported Perry's conviction. We address each in turn.

II.

Perry argues that the unfair prejudice of the evidence of his prior sexual assault conviction outweighed its probative value. He further asserts that during the trial, the district court abused its discretion by allowing multiple witnesses to testify to details of the sexual assault crime, which essentially resulted in a retrial of the prior crime that inflamed the jury into finding him guilty.

We review a district court's rejection of a Rule 403 challenge for abuse of discretion. *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003). This standard requires that we defer to the district court's holdings unless they are "manifestly erroneous." *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir.

3

2005).

Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Exclusion under Rule 403 is "an extraordinary remedy which the district court should invoke sparingly." *United States v. Dodds*, 347 F.3d 893, 897 (11th Cir. 2003) (internal quotation omitted). Furthermore, when reviewing a ruling under Rule 403, the balance is in favor of admissibility, and we should "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact." *Id.* Also, instructions to the jury may mitigate or even cure the unfair prejudice, if any, caused by the admission of some evidence. *See United States v. Spoerke*, 568 F.3d 1236, 1251 (11th Cir. 2009).

To be admissible, Rule 404(b) evidence must (1) be relevant to an issue other than the defendant's character; (2) sufficiently prove that the defendant committed the extrinsic act; and (3) not create undue prejudice that substantially outweighs its probative value, and or violate the other requirements of Rule 403. *United States v. Delgado*, 56 F.3d 1357, 1365 (11th Cir. 1995). Perry concedes the first two prongs of *Delgado* and raises only the issue of unfair prejudice.

Viewing the evidence in the light most favorable to admission, *Dodds*, 347 F.3d at 897, the district court did not commit reversible error by admitting the evidence of Perry's sodomy conviction. The test is not whether evidence is prejudicial, but rather whether any unfairness of the prejudice substantially outweighs the probative value of the proffered evidence. As the district court noted, the facts of the Dothan attack were highly probative. The attacks took place within minutes of each other, a few miles apart. The assailants dressed similarly, isolated their victims in the same calculated way, bound them with duct tape, and calmly assaulted them. At the same time, the district court did not admit all evidence of the Dothan attack wholesale. The exclusion of numerous proffered photographic exhibits of the Dothan attack, and the limit on witness testimony, showed that the district court balanced the probative and prejudicial aspects of the evidence piece by piece. This same balancing is apparent in the district court's exclusion of evidence of Perry's 1991 conviction for robbing a Daleville Domino's Pizza, which Perry entered claiming he was a Domino's employee who needed to use the phone. These rulings show the district court carefully followed the requirements of Rules 403 and 404(b). Under the abuse of discretion standard, these rulings are defensible and fail to reach *Rink*'s requirement for "manifestly erroneous" decisions to admit evidence.

III.

Perry next argues that there was insufficient evidence for the jury to convict him. Perry asserts that the victim's identification of him was unreliable due to extenuating circumstances at the time the crime was committed and flaws in the investigative process. He also asserts that the record demonstrates that it was physically impossible for him to have committed the crime, and emphasizes that there was no physical evidence connecting him to the crime.

The inquiry into the sufficiency of the government's evidence produced at trial is a question of law subject to *de novo* review. *Spoerke*, 568 F.3d at 1244. In reviewing the sufficiency of the evidence, we ask whether, after viewing the evidence in the light most favorable to the prosecution, with all reasonable inferences and credibility choices made in the government's favor, a reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* We will not disturb a guilty verdict unless "no trier of fact could have found guilt beyond a reasonable doubt." *United States v. Yost*, 479 F.3d 815, 818–19 (11th Cir. 2007) (internal quotation omitted).

Witness credibility is the "sole province" of the jury. *United States v. Hamaker*, 455 F.3d 1316, 1334 (11th Cir. 2006). Moreover, only the jury has the responsibility to weigh and resolve conflicts in the evidence. *United States v. Tagg*,

572 F.3d 1320, 1325 (11th Cir. 2009) (quoting *United States v. Pearson*, 746 F.2d 787, 794 (11th Cir.1984)). "[T]he jury's verdict will not be disturbed on appeal unless the testimony is 'incredible as a matter of law.' Testimony is only 'incredible' if it relates to 'facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature.'" *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) (internal citations omitted), *petition for cert. filed*, (U.S. Sept. 25 and Sept. 28, 2009) (09-6730 and 09-6821).

To obtain a conviction under 18 U.S.C. § 2114(a), as charged here, the government must establish, beyond a reasonable doubt, that (1) the defendant assaulted a postal worker who had lawful charge, custody, or control of money or other property of the United States; and (2) the defendant did so with intent to rob, steal, or purloin that property. 18 U.S.C. § 2114(a). To obtain a conviction under 18 U.S.C. § 111, the government must establish, beyond a reasonable doubt, that (1) the defendant forcibly assaulted the person described in the indictment; (2) the person assaulted was a federal officer, then engaged in the performance of an official duty or on account of her official duties, as charged; and (3) that the defendant acted knowingly and willfully. *See United States v. Martinez*, 486 F.3d 1239, 1243, 1246 (11th Cir. 2007) (holding that the district court, by using the elements set forth above, instructed the jury properly).

Looking at the evidence in the light most favorable to the government, *Spoerke*, 568 F.3d at 1244, we conclude there is sufficient evidence to sustain Perry's conviction. The victim's account of the assault and her identification of Perry was the crux of the government's case. Perry was able to cross-examine the victim regarding her perceptions at the post office, her work with the police sketch artist, and her identification of Perry from the photo lineup. Moreover, Perry presented an expert witness who testified as to the problems of in-person identifications made under stress, and identifications made between people of different races. These evaluations of witness credibility, perception, and memory are matters for the jury. Perry also was able to challenge the government's account regarding the length of time it took to travel from Newton to Dothan, and the color of the vehicles driven by the assailants. The lack of physical evidence by itself does not entitle Perry to acquittal. A reasonable jury could have weighed the competing accounts and found Perry guilty beyond a reasonable doubt based on the evidence presented.

IV.

The district court did not abuse its discretion by admitting evidence of Perry's prior conviction for sexual assault. Additionally, the jury had sufficient evidence upon which to find Perry guilty of both counts beyond a reasonable

8

doubt.  The judgment of the district court is **AFFIRMED.**